**OCEAN HARBOR ASSOCIATES,**
**Appellee Below, Appellant,**

v.

**DIRECTOR OF REVENUE, Appellant**
**Below, Appellee.**

Supreme Court of Delaware.

Submitted: Aug. 22, 1989.
Decided: Sept. 29, 1989.
Rehearing Denied Oct. 23, 1989.

John A. Sergovic, Jr. and Sarah Richardson, John A. Sergovic, Jr., P.A., Georgetown, for appellant.

Joseph Patrick Hurley, Jr., Deputy Atty. Gen., Dept. of Justice, Wilmington, for appellee.

Before HORSEY, MOORE and WALSH, JJ.

WALSH, Justice:

The appellant, Ocean Harbor Associates ("OHA"), a partnership, appeals from an order of the Superior Court, which reversed a determination by the Tax Appeal Board ("Board"), holding that a transfer of five lots of land to OHA was exempt from the Realty Transfer Tax. We conclude that the conveyance was an exempt transaction and, accordingly, reverse the decision of the Superior Court.

The facts underlying the taxability of the transfer are not in dispute. OHA was formed for the purpose of the joint development of five contiguous lots of land, which were owned by James A. Downes, Helen D. Painton, and Ester D. Nolan (collectively, the "partners" or the "grantors"). The proposed development was to consist of a single project to be constructed in two phases. The grantors were the only partners of OHA. By a single deed dated September 8, 1983, the grantors conveyed their respective interests in the lots to OHA. The five lots were delineated by a single metes and bounds description. The grantors agreed that their interests in the partnership should be based upon each grantor's respective interests in the land contributed to the partnership.

The valuation of the partnership interests was determined as follows. Each of the five lots was assigned an agreed-upon monetary value, derived from the appropriate gift, inheritance or purchase price basis in the land. The partners' respective aggregate ownership interests were computed by multiplying the percentage interest of each partner in each lot by the value assigned to the respective lot; the resulting figures were then added together for each partner. The partners determined their respective interests in the partnership solely on the basis of these figures, which constituted aggregate contributions of property for each partner.

The partners, in filing the deed conveying the "aggregate lot" to OHA, claimed an exemption from the Realty Transfer Tax under 30 *Del.C.* § 5401(1)(n). That section exempts transfers of realty from the transfer tax where there is "[a] conveyance to or from ...a partnership, where the grantor or grantee owns ...an interest in the partnership in the same proportion as his interest in, or ownership of, the real estate being conveyed...." 30 *Del.C.* § 5401(1)(n).

The various partners received undated Notices of Determination of tax due in late March, 1985, and OHA responded with a letter of protest dated April 2, 1985. In a Notice of Determination dated August 21, 1985, the Director of Revenue again assessed the Realty Transfer Tax, as well as accruing interest, and denied OHA's protest. On October 21, 1985, OHA paid, under protest, the assessed tax and interest and penalties accrued. OHA then filed an appeal to the Board for redetermination of the Director's tax assessment on the transfer.

In a written opinion, the Board ruled that the recording of the deed transferring the land to OHA was exempt from the Realty Transfer Tax pursuant to 30 *Del.C.* § 5401(1)(n). The Board, in so holding, rejected the Director's position that since "the grantors owned varying interests in the real estate parcels, they could not own the same proportional interest in the partnership." *Ocean Harbor Assocs. v. Director of Revenue,* Del. Tax Appeal Bd., No. 851 (July 8, 1988).

The Superior Court reversed on appeal from the Director of Revenue. *Director of Revenue v. Ocean Harbor Assocs.,* Del.Super., C.A. No. 88A–AU–4, 1989 WL 25844, Bifferato, J. (Mar. 9, 1989). The Superior Court, in adopting the interpretation of 30 *Del.C.* § 5401(1)(n) posited by the Director, held that the "real estate being conveyed" as contemplated in 30 *Del.C.* § 5401(1)(n)

does not include the aggregate interests computed by adding the various interests in each lot. *Id.* at 2–3. The Court concluded its analysis by stating, "the partnership interests were not in the same proportion as the ownership of the real estate, and § 5401(1)(n) is not applicable to this transaction." *Id.* at 3.

Under 30 *Del.C.* § 5402, any "document" which transfers an interest in real estate is subject, upon being recorded, to a tax of two percent of the value of the property represented by such document. 30 *Del.C.* § 5402(a). A taxable document, defined under 30 *Del.C.* § 5401(1), does not include, *inter alia*, "[a]ny conveyance to or from ...a partnership, where the grantor or grantee owns ...an interest in the partnership in the same proportion as his interest in, or ownership of, the real estate being conveyed...." 30 *Del.C.* § 5401(1)(n). The issue which must be resolved on this appeal is whether the grantors' "interest[s] in the partnership [are] in the same proportion as [their] interest[s] in ...the real estate being conveyed." We find that they are.

The parties have stipulated, and the Court agrees, that the provisions of 30 *Del.C.* § 5401(1)(n) are clear and unambiguous.· The conveyance at issue falls squarely within the plain language of this exemption. Under the facts presented, the grantors owned real property, which they conveyed to a partnership in which they each owned an interest. The real estate conveyed was owned in various parcels by the grantors, either individually or jointly with other grantors, and the grantors combined these parcels into one property. The ownership of this "aggregate" was then transferred to the partnership.

Thus, the real estate being conveyed by the deed,[1] which was delivered for recording, was the combined property as defined by the single metes and bounds description contained within the deed. "The focus of taxability under the Delaware Realty Transfer Act, 30 *Del.C.* Ch. 54, is the document whereby transfer of interest in real estate is accomplished." *Director of Revenue v. Barry*, Del.Super., 391 A.2d 216, 218 (1978) (citing 30 *Del.C.* § 5402(a)). Here the deed transferred a parcel of land, the value of which, in the aggregate, was owned 20.92% by Painton, 13.6% by Nolan, and 65.47% by Downes. The respective interests of the partners in the partnership correspond directly to, and were determined on the basis of, each partner's "interest in ...the real estate being conveyed." Thus, the conveyance in question is exempt from the Realty Transfer Tax.

The standard of review of the Superior Court, when reviewing a decision of the Tax Appeal Board, is whether the Board's decision was supported by the record, or whether it constituted an abuse of discretion or error of law. *State Tax Comm'rs v. Wilmington Trust Co.*, Del.Super., 266 A.2d 419, 421 (1968) (citing *Searles v. Darling*, Del.Supr., 83 A.2d 96 (1951)). Since we have determined that the Board's interpretation of the exemption provided by 30 *Del.C.* § 5401(1)(n) was correct, the Superior Court's reversal of the Board's decision was in error. The judgment of the Superior Court is, accordingly, reversed.

---

1. To refer to this instrument as a document would suggest that it is taxable, since a document which is recorded is taxable under 30 *Del.C.* § 5402(a). Because we hold that the exemption provided by 30 *Del.C.* § 5401(1)(n) applies, it is inappropriate to refer to this deed as a document.